IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE CAROBINE | : | |
| 9411 KIRKWOOD ROAD | : | |
| PHILADELPHIA, PA 19114 | : | |
| *PLAINTIFF* | : | |
| | : | CIVIL ACTION NO: |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | JURY TRIAL DEMANDED |
| P/O THOMAS LICIARDELLO, NO. 4383 | : | |
| P/O SEAN O'MALLEY, NO. 6991 | : | |
| P/O MICHAEL SPICER, NO. 5180 | : | |
| P/O PERRY BETTS, NO. 6761 | : | |
| P/O BRIAN REYNOLDS, NO. 4268 | : | |
| LT. THOMAS WIXTED, NO. 243 | : | |
| P/O STACEY BROWN, NO. 9432 | : | |
| 1515 ARCH STREET | : | |
| PHILADELPHIA, PA 19102 | : | |
| *DEFENDANTS* | : | |

# COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988. and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against City of Philadelphia Police Officers in their individual capacities and against the City of Philadelphia. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court, provided by 28 U.S.C. § 1367, to entertain claims arising under state law.

# PARTIES

2.      Plaintiff THEODORE CAROBINE, at all times relevant to this Complaint, is and was a

resident of the City of Philadelphia and the Commonwealth of Pennsylvania.

3. Defendant CITY OF PHILADELPHIA, at all times pertinent to this Complaint, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employees the below-named police officers.

4. Defendants P/O THOMAS LICIARDELLO, P/O SEAN O'MALLEY, P/O MICHAEL SPICER, P/O PERRY BETTS, P/O BRIAN REYNOLDS, LT. THOMAS WIXTED, P/O STACEY BROWN, at all times pertinent to this complaint, are and were employed by the Philadelphia Police Department, acting under color of state law, pursuant to either official policy, custom or practice of the City of Philadelphia and/or its Police Department.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5. At the time of the incident that is the subject of this Complaint, Plaintiff Theodore Carobine was a fifty-year-old male, with no prior criminal history.

6. On July 21, 2009, Plaintiff was arrested at his home, following the execution of a search warrant by Defendants Liciardello, O'Malley, Spicer, Betts, Reynolds, Wixted, and Brown.

7. In the affidavit of probable cause, Defendant Liciardello alleged that a confidential informant provided him information that a person, later identified as Plaintiff, was supplying a "Joseph Flanagan" with methamphetamine to sell.

8. In the affidavit of probable cause, Defendant Liciardello alleged further that the confidential informant attempted to make a controlled purchase of methamphetamine from Flanagan, who told him that he did not have the drugs, but that "Ted has not been down yet but will be down after 8:00 PM with the 'shit.'"

9. In the affidavit of probable cause, Defendant Liciardello alleged that Defendants Spicer

2

and Betts observed Plaintiff meet Flanagan who handed Plaintiff a large amount of U.S. currency.

10. Plaintiff did not know Joseph Flanagan let alone meet him and accept a large amount of U.S. currency, and therefore, the affidavit of probable cause contained a material falsehood.

11. In the affidavit of probable cause, Defendant Liciardello alleged that back-up police officers, including Defendants Reynolds and Spicer, observed Plaintiff drive to 2963 Frankford Ave, make a telephone call and then meet a male later identified as John Goodwin, who opened a security gate and allowed Plaintiff to enter the property.

12. The affidavit alleged further alleged that, five minutes later, Plaintiff emerged with a brown paper bag, and drove back to where he had met with Flanagan, and then handed Flanagan the brown paper bag.

13. In the affidavit of probable cause, Defendant Liciardello alleged further that the confidential informant made a controlled purchase of methamphetamine from Flanagan, creating the inference that brown paper bag that Plaintiff allegedly delivered to Flanagan contained the methamphetamine that Flanagan allegedly sold to the CI.

14. Plaintiff did not meet John Goodwin in the manner described, did not possess the brown paper bag and did not deliver it to Flanagan, and therefore, the affidavit of probable cause contained a material falsehood.

15. Prior to the execution of the search warrant, Plaintiff had a gun safe in his garage, with numerous lawfully possessed firearms, and a second safe containing $11,000.00 in cash.

16. Also present in his bedroom, Plaintiff has a black onyx ring, and a gold ring with 15 diamonds, as well as other gun paraphernalia.

17. Following the execution of the search warrant, only $8,669.00 was placed on a property

receipt, leaving approximately $2,331.00 missing and not accounted for.

18.    Following the execution of the search warrant, the aforementioned rings and gun paraphernalia were never placed on a property receipt, and were missing and not accounted for.

19.    Defendants claimed that that they recovered a clear Ziploc bag containing approximately 100 grams of methamphetamine from a bedroom in the house.

20.    Plaintiff denies that these drugs were ever in his home or in his possession, and therefore, they were either planted or their recovery was fabricated by Defendants.

21.    As a result of the planted or fabricated recovery of drugs, Plaintiff was arrested and falsely accused of possession of methamphetamine with intent to distribute, and conspiracy to distribute methamphetamine.

22.    Following his arrest, Plaintiff had high bail set due to the nature of the charges, and he remained in jail for approximately five weeks until he could raise the funds for his release.

23.    Following a hearing, the Court held that there was insufficient probable cause to search Plaintiff's home, and therefore, the search of his home was in violation of his constitutional right to be free from unreasonable searches and seizures.

24.    The Court suppressed the evidence, as a result of which the Commonwealth withdrew prosecution.

### COUNT I

### FEDERAL CAUSE OF ACTION: 42 U.S.C. § 1983

### PLAINTIFF THEODORE CAROBINE V. DEFENDANTS LICIARDELLO, O'MALLEY, SPICER, BETTS, REYNOLDS, WIXTED, AND BROWN

25.    Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

26. As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff suffered the following injury and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania; to be free in his person from unreasonable searches and seizures;

   b. Loss of his physical liberty;

   c. Loss of property;

   d. Physical pain and suffering and emotional trauma and suffering, some or all of which may be permanent.

27. Plaintiff claims damages under 42 U.S.C. § 1983, for the injuries set forth above against Defendants Liciardello, O'Malley, Spicer, Betts, Reynolds, Wixted, and Brown for their violation of the clearly established and well-settled federal constitutional rights of Plaintiff.

## COUNT II

### FEDERAL CAUSE OF ACTION: 42 U.S.C. § 1983

### PLAINTIFF THEODORE CAROBINE V. DEFENDANT CITY OF PHILADELPHIA

28. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

29. Defendant City of Philadelphia, as a matter of policy or practice, has, with deliberate indifference to the rights of its citizens, including Plaintiff, failed to:

   a. adequately hire, discipline, train, supervise and/or otherwise direct its employees, including Defendants in this case, concerning the rights of citizens;

   b. establish a system which properly identifies, reports and/or investigates instances of improper conduct by its employees, including Defendants in this case; and

   c. adequately sanction and/or discipline its employees, including Defendants in this case, for violations of the rights of citizens;

hereby causing Defendants, in this case, to engage in the unlawful conduct described herein.

30. By these actions, Defendant City of Philadelphia has deprived Plaintiff of his rights secured by the United States Constitution in violation of 42 U.S.C. § 1983.

## COUNT III

### STATE CLAIM: FALSE IMPRISONMENT

#### PLAINTIFF THEODORE CAROBINE v. DEFENDANTS LICIARDELLO, O'MALLEY, SPICER, BETTS, REYNOLDS, WIXTED, AND BROWN

31. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

32. By the conduct set forth above, including causing Plaintiff to be physically restrained, handcuffed, taken into police custody and charged with criminal activity, all without legal justification or cause, Defendants Liciardello, O'Malley, Spicer, Betts, Reynolds, Wixted, and Brown, jointly and individually, caused and intended to cause Plaintiff to be confined.

33. As a result of the conduct described above, Plaintiff was in fact arrested and confined without probable cause, and without his consent and against his will.

34. Defendants, jointly and individually, without legal cause or justification, used physical force, threats, and actual or apparent physical barriers to overcome Plaintiff and effect a confinement.

35. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical pain and injury; and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT IV

### STATE CLAIM: MALICIOUS PROSECUTION

#### PLAINTIFF THEODORE CAROBINE V. DEFENDANTS LICIARDELLO, O'MALLEY, SPICER, BETTS, REYNOLDS, WIXTED, AND BROWN

36. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

37. By the conduct set forth above, Defendants Liciardello, O'Malley, Spicer, Betts, Reynolds, Wixted, and Brown, individually and jointly, intentionally, recklessly, and maliciously caused a criminal prosecution to be initiated against Plaintiff.

38. Plaintiff was arrested and imprisoned and had to endure the prospect of going to trial in order to prove his innocence. Defendants acted with malice and furthered the prosecution of Plaintiff by providing false information, and/or withheld truthful information, all of which if known would have resulted in no prosecution of Plaintiff.

39. The criminal charges against Plaintiff were terminated in his favor following the dismissal of all charges.

40. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish and such other and further losses as are established at trial.

## COUNT III

### STATE CLAIM: ASSAULT AND BATTERY

#### PLAINTIFF THEODORE CAROBINE V. DEFENDANTS LICIARDELLO, O'MALLEY, SPICER, BETTS, REYNOLDS, WIXTED, AND BROWN

41. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

42. By the conduct set forth above, by physically restraining and handcuffing Plaintiff, and confining him in a detention cell, all without legal cause or justification, Defendants Liciardello, O'Malley, Spicer, Betts, Reynolds, Wixted, and Brown, jointly and individually, used unreasonable force and caused and intended to cause a harmful and offensive contact with the body of Plaintiff.

43. By the conduct set forth above, Defendants, jointly and individually, caused and intended to cause Plaintiff immediate and harmful injury.

44. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT VI

### DAMAGES

45. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as set forth above.

46. Plaintiff suffered losses including, but not limited to monetary and property loss, and attorney's fees.

47. The conduct of Defendants Liciardello, O'Malley, Spicer, Betts, Reynolds, Wixted, and Brown, individually and jointly, was outrageous, in that it was malicious, wanton, willful, or oppressive, or showed reckless indifference to the interests of Plaintiff, and therefore, warrants the imposition of punitive damages.

### RELIEF

**WHEREFORE**, Plaintiff Theodore Carobine requests the following relief:

a. Defendants be enjoined from harassing or intimidating and retaliating against Plaintiff;

b.  Defendants be ordered to compensate, reimburse and make whole Plaintiff for all of the benefits Plaintiff would have received had it not been for all of the Defendants' illegal actions;

c.  Compensatory damages as the Court deems just, proper and appropriate and any appropriate damages for pain and suffering and/or emotional distress;

d.  Punitive damages in an amount believed by the trier of fact to punish Defendants for their willful, deliberate, malicious and outrageous conduct, and to deter Defendants from engaging in such misconduct in the future;

e.  Such equitable and legal relief as is proper and just;

f.  Attorney fees;

g.  Plaintiff is to be awarded the costs and expenses of this action;

h.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i.  Other and further relief as this Court may deem appropriate.

j.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**James, Schwartz & Associates, P.C.**

By:  /S/   *Jonathan James*   JJJ6405
JONATHAN J. JAMES, ESQUIRE
Attorney I.D. #64534
jjames@civilrightspa.com

/S/   *Michael Schwartz* MCS6449
MICHAEL C. SCHWARTZ
Attorney I.D. #39475
mschwartz@civilrightspa.com

/s/   *Jill Holden*
JILL J. HOLDEN, ESQUIRE
Attorney I.D. #92119
jholden@civilrightspa.com


1500 Walnut Street – 21st Floor
Philadelphia, PA 19107
(215) 751–9865

COUNSEL FOR PLAINTIFF


Date:   July 12, 2011