07/15/2013 14:20 2157319008 KHL LAW PAGE 02/06
Case 2:11-cv-04471-PBT Document 44 Filed 07/16/13 Page 1 of 5
Case 2:12-cv-05690-PD Document 32 Filed 07/16/13 Page 1 of 5

**KRASNER HUGHES LONG**
ATTORNEYS

*11.4471.file*

July 15,
~~May 31,~~ 2013

The Honorable Paul S. Diamond
Chambers
United States Courthouse
Suite 6613
601 Marked Street
Philadelphia, PA 19106-1797

1221 Locust Street
The Tiger Building
Philadelphia, PA 19107

Tel. 215.731.9500
Fax. 215.731.9908

www.krasnerhugheslong.com

Lawrence S. Krasner
Evan T.L. Hughes
Lloyd Long, III

Ronald Ervais, of counsel

*Advance courtesy copy sent via fax to 267.299.5069*

**FILED**
JUL 16 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Re: McGill v. Liciardello, et al.
No. 12-5690
*and related narcotics squad cases*

Dear Judge Diamond:

I hope this finds you well. I write concerning the Court's order concerning a stipulation of confidentiality in the above-captioned matters. Attached to this letter is a copy of lead plaintiffs counsel proposed order. Counsel for the City of Philadelphia, Armando Brigandi, Esq., has agreed to this proposed language.

Counsel for the individual defendant officers believe that a broader order is appropriate. In an email to undersigned counsel, those defendants' counsel have proposed that paragraphs 2-4 be deleted, and replaced with the following language:

2. CONFIDENTIAL INFORMATION may be disclosed by either party or their counsel only to:

    a) Either parties' expert(s),

    b) Secretaries, paralegals, associates or assistants of either parties' counsel and/or of either parties' expert(s) when working under the direct supervision of said counsel or expert(s) and when such disclosure is reasonably necessary to the preparation for trial or the trial of this case, and

    c) Court personnel including, but not limited to, stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial;

3. CONFIDENTIAL INFORMATION produced in this action, including transcripts and exhibits, that is presented to or filed with the Court shall be submitted under seal, unless the parties otherwise agree or the Court otherwise orders.

4. The use at trial and admission into evidence of CONFIDENTIAL INFORMATION shall be subject to the Court's control in accordance with generally applicable rules of evidence.

5. Except as set forth above, no CONFIDENTIAL INFORMATION shall be disclosed by any person to whom it has been furnished, absent the written permission of the producing, or permission of the Court after the filing of an appropriate motion, and pursuant to the entry of an order.

6. The parties agree that at the conclusion of this litigation, all CONFIDENTIAL INFORMATION provided in the course of this litigation and in the possession of either party, their attorneys or agents, shall be returned to the producing party or destroyed. If the CONFIDENTIAL INFORMATION is destroyed by the party holding it at the end of the litigation, a certification of destruction shall be provided to the producing party within thirty days of the destruction of the CONFIDENTIAL INFORMATION.

7. Counsel for both parties will advise their clients of their obligations under this Stipulation, and will likewise advise all expert(s) and secretaries, paralegals, associates or assistants to whom CONFIDENTIAL INFORMATION is disclosed, of their obligations under the Stipulation.

8. Should any party object to the confidential status of material produced or designated by any person, including transcripts and exhibits, such material shall, until further order of this Court, be treated as CONFIDENTIAL INFORMATION in accordance with the provisions of this Stipulation and Order.

9. Should a party object to the confidential status of material produced or designated as CONFIDENTIAL INFORMATION, including transcripts and exhibits, and should such party fail to informally resolve such dispute with the person producing or designating such CONFIDENTIAL INFORMATION, then and in that event such party may submit its dispute to this Court for resolution. The opposing party shall have 15 days, or such longer time as the Court may order, to respond to such submission. The burden rests on the party opposing confidentiality to demonstrate that such designation is proper. Nothing herein shall be deemed to waive or limit any party's assertion or objection to the classification of documents or information as CONFIDENTIAL INFORMATION.

10. This Stipulation shall remain in force and effect unless and until modified, superseded or terminated by written consent of the parties or by Order of the Court made upon motion, with notice to the opposing party.

07/15/2013 14:20 2157313308 KH LAW PAGE 04/06
Case 2:11-cv-04471-PBT Document 44 Filed 07/16/13 Page 3 of 5
Case 2:12-cv-05690-PD Document 32 Filed 07/16/13 Page 3 of 5

Undersigned counsel believe that the above language is far broader than necessary and not in line with <u>Pansey v. Borough of East Stroudsburg</u>, 23 F.3d 772 (3d Cir. 1994). Counsel for the individual defendant officers disagree.

As a result of this disagreement on the appropriate language, we are requesting a phone conference at the Court's convenience to address this matter.

Additionally, the parties are still discussing whether an investigation is active against the individual defendant police officers. Either undersigned counsel or counsel for the individual defendant officers will be in contact with the Court by the end of the day concerning this matter.

Sincerely,

Lloyd Long III, Esq.

Enc.

cc: Jeffrey M. Scott, Esq.
 Jeffrey M. Kolansky, Esq.
 Armando Brigandi, Esq.
 All Plaintiffs' Counsel on related cases
 *Copies to all counsel sent via email per previous agreement*

07/15/2013 14:20 2157318308 KHL LAW PAGE 05/06
Case 2:11-cv-04471-PBT Document 44 Filed 07/16/13 Page 4 of 5
Case 2:12-cv-05690-PD Document 32 Filed 07/16/13 Page 4 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD McGILL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| POLICE OFFICER | : | No. 12-5690 |
| THOMAS LICIARDELLO | : | *and related cases* |
| (individually and in his | : | |
| official capacity), et al. | : | |

## STIPULATION OF CONFIDENTIALITY

THIS MATTER being brought before the Court under the consent of counsel for a Confidentiality Order regarding the production of certain materials, as defined in herein, during the course of pretrial proceedings,

ON THIS      DAY OF         , 2013, IT IS HEREBY ORDERED THAT:

1. PURPOSE: The purpose of this Stipulation of Confidentiality is to assure the free flow of information between counsel and the parties during discovery to ascertain facts while avoiding delay and unnecessary motion practice.
2. CONFIDENTIAL INFORMATION: "Confidential Information," as used herein, means information exchanged between the parties from:
    a. Personnel files of the individual defendant officers; and
    b. Internal Affairs files of the individual defendant officers
3. QUALIFIED PERSONS: "Qualified Persons," as used herein, means:
    a. Attorneys actively involved in the preparation for trial, trial, or settlement of these cases, including members of such attorneys' staff.
    b. Any independent or in-house expert who is assisting attorneys in connection with this action.
4. AVAILABILITY OF CONFIDENTIAL INFORMATION TO QUALIFIED PERSONS: Any information designated "Confidential Information" shall be

07/15/2013 14:20 2157319229 KH4 LAW PAGE 06/06
Case 2:11-cv-04471-PBT Document 44 Filed 07/16/13 Page 5 of 5
Case 2:12-cv-05690-PD Document 32 Filed 07/16/13 Page 5 of 5

made available only to qualified persons. Except as otherwise permitted by the terms of this Stipulation, or by further order of this Court, qualified persons shall maintain confidential information in confidence, shall not reveal confidential information to anyone other than qualified persons, and shall not use confidential information, except in connection with the trial or preparation for the trial of this action.

5. USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS OR IN PLEADINGS AND MOTIONS: Nothing contained herein shall preclude any party to this action from utilizing confidential information in examining deponents called in this case or in motions, whether dispositive or not.

6. EXCEPTIONS: Materials defined herein as "Confidential Information" shall no longer be considered as such:

    a. To the extent that said information is already available by law or executive order;

    b. To the extent that it is subsequently determined that said information is available under a freedom of information law.

7. This Court may revisit this order at any time on motion of the parties or *sua sponte*.

BY THE COURT:

_____
Diamond, J.

I hereby consent to the entry and form of the above Joint Stipulation of Confidentiality:

_____  _____  _____
Lloyd Long III.          Armando Brigandi         Jeffrey M. Kolansky, Esq.
Krasner, Hughes, & Long, LLC   Counsel for the    Counsel for the Individual
Lead Plaintiffs' Counsel  City of Philadelphia    Defendant Officers